## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETROLEUM SERVICE COMPANY, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| SANTIE'S WHOLESALE OIL COMPANY d/b/a SANTIE OIL COMPANY, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, Petroleum Service Company, Inc. (the "Plaintiff" or "PSC"), by and through counsel, brings this Complaint against Defendant Santie's Wholesale Oil Company d/b/a Santie Oil Company (the "Defendant" or "Santie Oil"), and alleges as follows:

## PARTIES

1.      Plaintiff Petroleum Service Company, Inc. is a Pennsylvania corporation with its principal place of business at 454 South Main Street, Wilkes-Barre, Pennsylvania 18703.

2.      Defendant Santie Oil Company is a Missouri corporation with its principal place of business located at 126 Larcel Drive, Sikeston, Missouri 63801.

## JURISDICTION AND VENUE

3.      This action arises under the Acts of Congress under the Copyright Act, Title 17 U.S.C. § 101 *et seq*. and common law.  Therefore, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4.      This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1367(a) as such claims arise out of the same transaction or occurrence as does the claims involving federal questions of law.

6.      This Court may exercise personal jurisdiction over Santie Oil as a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, Santie Oil should reasonably expect that its activities might have consequences herein.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400 because a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

### PSC and its Intellectual Property

8.      PSC, a leading distributor of oil and lubricants, innovates the way consumers shop for petroleum products, rust-preventative coatings, and application

2

equipment through its nationally-recognized online store, located at https://petroleumservicecompany.com/ ("PSC Website").

9.    Incorporated in 1930, PSC provides high-quality petroleum-based products and rust-preventative coatings to its customers throughout the country.

10.    PSC dedicated years to the refinement of its online selection of products that can be broken down into several general categories: lubricants, coatings, additional supplies, and equipment. These categories are further broken down to accommodate the different applications, brands, or item specifics, such as weight or military specification.

11.    Since 1930, PSC has made significant efforts to develop its PSC brand (the "Brand") and has come to gain substantial goodwill associated with the Brand throughout the United States.

12.    To protect the Brand, PSC has registered its intellectual property rights through many copyright and trademark registrations.  As required by intellectual property law, PSC engages in significant efforts to enforce its rights when necessary.

13.    PSC is the owner of United States Copyright Registration Number VAu001375758 for the work titled "PETROLEUMSERVICECOMPANY.COM Website (2018)" (the "Work") in connection with the PSC Website.  The Copyright Registration for the Work is public record.

14.     The Work received a U.S. Copyright Registration date of February 14, 2018.  A full record of the copyright registration from the U.S. Copyright Office is attached hereto as **Exhibit A**.  PSC is the author and copyright claimant of the Work.

15.     Included within the Work are various images and associated descriptions of various products sold by PSC via the PSC Website, including Tectyl, Chevron, and AeroShell Oil branded products.

16.     The Work contains proprietary images of Chevron and AeroShell Oil products ("Other Infringing Images").

17.     Of particular significance here, the Work contains proprietary images and product descriptions of Daubert Chemical's TECTYL® corrosion-preventative compound, lubricant, and penetrant's application, removal, and storage ("TECTYL Image and Product Descriptions").

18.     PSC owns all right, title, and interest in and to the Work, including any and all copyrights associated with the same.

19.     As the owner of and the rights holder in the copyright in the Work, PSC has the exclusive right to reproduce, distribute, display, and prepare derivative works based on the Work.  17 U.S.C. §§ 106 and 113.

20.     The registration of the Work serves as *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

21.     PSC has not given, either express or implied, consent or authorization to Santie Oil to copy, display, distribute, or otherwise use the Work in any way or to create derivative works therefrom.

**Santie Oil's Infringing Activities**

22.     Santie Oil is an oil and specialty lubricants wholesale distributor that supplies consumers and manufacturers across the country with commercial lubricants.

23.     Santie Oil caters to government and military accounts and offers a range of Mil-Spec products.

24.     Since at least 2016, Santie Oil has engaged in a willful pattern and practice of, without the consent of or authorization from PSC, reproducing and displaying PSC's proprietary and copyrighted material on its website at https://santiemidwest.com ("Santie Infringing Website").

25.     By way of example, Santie Oil has copied and displayed Other Infringing Images on the Santie Infringing Website. *See, e.g.,* **Exhibits B-C.**

26.     Santie Oil's pattern and practice of willfully infringing upon PSC's copyrighted materials continues to this day and is evidenced by Santie Oil's most recent copying of the TECTYL Image and Product Descriptions.

27.     At least as early as June 28, 2023, Santie Oil willfully copied and displayed the copyrighted image of the Tectyl 275 product as well as the copyrighted

product identification, which includes, but is not limited, to descriptions of surface preparation, application, removal, and storage.

28.     Santie Oil willfully copied and displayed PSC's copyrighted Work, the TECTYL Image and Product Descriptions, which include images, descriptions, and themes, on the TECTYL product pages reflected on the Santie Infringing Website. These infringements can be seen consistently across all Tectyl product pages, down to formatting.  *See* **Exhibit D.**

29.     In creating and disseminating the TECTYL Image and Product Descriptions on the Santie Infringing Website, Santie Oil directly and willfully copied and/or created derivative works of the Work.

30.     PSC never gave Santie Oil consent or authorization, either express or implied, to use the Work on the Santie Infringing Website.

31.     The TECTYL Image and Product Descriptions have been widely dispersed and have reached a large audience via the Santie Infringing Website.

32.     Given that the PSC Website is generally accessible to the public, Santie Oil had access to and was aware of the Work and willfully copied, reproduced, distributed, publicly displayed, and/or created derivative works of the Work without authorization from PSC.

33.     Santie Oil had access to and knowledge of the Work prior to the creation and dissemination of the TECTYL Image and Product Descriptions.

34.     On July 10, 2023, PSC sent a demand letter to Santie Oil informing Santie Oil of PSC's copyrighted Work and demanding that Santie Oil cease all use of the TECTYL Image and Product Descriptions.

35.     Santie Oil responded and admitted its willful copyright infringement, expressly advising PSC that it had "crossed the line" when it copied the TECTYL Image and Product Descriptions.  In this communication, Bryan Montgomery, Manager of Santie Oil, represented that Santie Oil would "remedy the issue" and that it understood that it had "crossed the line", and that "ownership and upper management is investigating the process that was taken, and we will rectify the situation."  Mr. Montgomery continued, stating that Santie "in no way meant to cross any ethical or professional lines in our addition of  the products."  *See* **Exhibit E.**

**COUNT I**
**COPYRIGHT INFRINGEMENT**

36.     PSC repeats and incorporates by reference the allegations and facts set forth in paragraphs 1 through 35 above as if fully set forth herein.

37.     This cause of action for copyright infringement arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. and common law.

38.     PSC's Work is an original work of authorship.

39.     PSC owns and has rights in United States Copyright Registration No. VAu001375758.

40.     As the owner of the Work and Copyright Registration No. VAu001375758,  PSC has the exclusive right to reproduce, distribute, display, and prepare derivative works based on the copyrighted work.  17 U.S.C. §§ 106 and 113.

41.     PSC's federal copyright registration for the Work is *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

42.     Santie Oil had access to and knowledge of the Work.

43.     PSC created and published the Work well before Santie Oil commenced use of the TECTYL Image and Product Descriptions on the Santie Infringing Website.

44.     After the widespread publication of the TECTYL Image and Product Descriptions, including in various publicly available advertising and promotional materials made available on the Internet, Santie Oil infringed PSC's copyright by directly copying and, thereafter, publicly displaying, the TECTYL Image and Product Descriptions on the Santie Infringing Website.

45.     In displaying the TECTYL Image and Product Descriptions on the Santie Infringing Website, Santie Oil directly and willfully copied and/or created derivative works of the Work.

46.    Santie Oil had access to and knowledge of the Work prior to the creation and dissemination of the TECTYL Image and Product Descriptions on the Santie Infringing Website.

47.    By the actions alleged above, Santie Oil has infringed and will continue to infringe PSC's copyright in the Work through the images and product descriptions contained on Santie Infringing Website.

48.    PSC has not authorized Santie Oil to use the Work on its website.

49.    Santie Oil's infringement of the Work as complained of herein has been willful and deliberate.

50.    Santie Oil has and will continue to infringe the Work unless restrained by this Court.

51.    PSC believes that it has suffered or is likely to suffer damages, and will continue to suffer serious and substantial damages resulting from Santie Oil's acts of copyright infringement, including irreparable injury for which there is no adequate remedy at law.

52.    PSC's damages from the aforesaid unlawful actions of Santie Oil, to the extent ascertainable, have not yet been determined.  Alternatively, PSC is entitled to, and may elect to pursue, statutory damages.

53.    PSC seeks attorney's fees and costs given the Santie Oil's willful infringement.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff Petroleum Service Company, Inc. prays for relief against Santie Oil as follows:

A.     That Santie Oil, its subsidiaries, directors, owners, partners, employees, servants and agents and all those persons acting in concert and participation with Santie Oil, either directly or indirectly, be preliminarily and permanently enjoined from violating PSC's rights by way of:

(1)     Infringing or contributing to the infringement of the matter protected by PSC's U.S. Copyright Registration No. VAu001375758, including reproducing, preparing derivative works based upon, distributing, and/or publicly displaying works substantially similar to the Work; and

(2)     Engaging in any acts or activities directly or indirectly calculated to infringe upon PSC's U.S. Copyright Registration No. VAu001375758.

B.     That Santie Oil has infringed and/or is continuing to infringe and/or has contributed to and/or is continuing to contribute to the infringement of the Work.

C.     That pursuant to 17 U.S.C. § 504, Santie Oil is to account for and pay to PSC the Santie Oil's ill-gotten profits, or statutory damages, to which PSC is entitled as a consequence of the infringement of the Work.

D.     That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Santie Oil so as to prevent

fraud on the Court and so as to ensure the capacity of Santie Oil to pay, and the prompt payment of, any judgment entered against Santie Oil in this action.

E.      That the Court award PSC its compensatory, incidental, and consequential damages.

F.      That the Court award PSC enhanced and/or treble damages.

G.      That the Court award PSC its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

H.      That PSC be awarded prejudgment interest on all damages and/or profits awarded by the Court.

I.      That PSC receive such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff Petroleum Service Company, Inc. requests a trial by jury on all issues triable to a jury.

Dated:  September 8, 2023          Respectfully submitted by:

COZEN O'CONNOR

*/s/ Daniel J. Luccaro*
Daniel J. Luccaro (PA 89247)
Melanie A. Miller (*pro hac vice* to be filed)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel. (215) 665-6968
Fax. (215) 701-2368
dluccaro@cozen.com

mmiller@cozen.com

*Attorneys for Plaintiff*
*Petroleum Service Company, Inc.*